## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

CYNTHIA A. PHILLIPS, PAUL
PHILLIPS, JUDY WEBB, and
GLENN WEBB,

          Plaintiffs/Appellees,

VS.

FRANCIS PEROT,

          Defendant/Appellant,

and

KELLY L. PHILLIPS, by and through
her legal guardian and parent,
TERESA THURMAN, and TERESA
THURMAN, Individually,

          Plaintiffs/Appellees,

vs.

FRANCIS CERIAC PEROT,

          Defendant/Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Dyer Circuit No. 93-137 & 93-144

Appeal No. 02A01-9704-CV-00094

FILED

March 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF DYER COUNTY
AT DYERSBURG, TENNESSEE
THE HONORABLE J. STEVEN STAFFORD, JUDGE

**WESLEY A. CLAYTON**
**DONALD D. GLENN**
**WALDROP & HALL, P.A.**
Jackson, Tennessee
Attorneys for Appellant

**JOHN W. PALMER**
Dyersburg, Tennessee
Attorney for Appellees Cynthia A. Phillips and Judy Webb

**JOHN VAUGHN**
Tiptonville, Tennessee
Attorney for Appellee Kelly L. Phillips

**AFFIRMED**

                                        **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**ROBERT A. LANIER, Sp. J.**

Defendant Francis Perot appeals the trial court's final judgment which denied the motions for new trial filed by Plaintiffs/Appellees but which suggested an additur to each of the verdicts rendered by the jury in favor of the Plaintiffs. We conclude that the evidence does not preponderate against the trial court's additurs and, thus, we affirm the trial court's judgment.

Plaintiffs/Appellees Cynthia A. Phillips, Judy Webb, and Kelly L. Phillips, a minor,[1] filed this action to recover damages for injuries they received in a May 16, 1992, automobile accident in Dyersburg. Cynthia Phillips was driving a car in which her mother, Judy Webb, and her six-year-old stepdaughter, Kelly Phillips, were passengers when Phillips' car was struck from behind by an automobile driven by Defendant Perot. Prior to trial, Perot amended his answer to admit liability for the accident. Accordingly, the only issues for the jury's consideration involved the amount of damages, if any, to be awarded each Plaintiff. Although he admitted liability, Perot contended at trial that the Plaintiffs were entitled to no recovery because they suffered no injuries as a result of the accident.

At trial, much of the expert medical testimony regarding the Plaintiffs' injuries was presented by deposition per the parties' stipulation. Dr. Hugh Glenn Barnett, a neurological surgeon, testified that he operated on Cynthia Phillips' neck to remove a disk approximately two months prior to the accident. Dr. Barnett examined Phillips after the accident and determined that she had sustained soft tissue injuries at the cervical spine. Dr. Barnett opined that the soft tissue injuries aggravated Phillips' preexisting neck condition and caused her to suffer pain. Although Dr. Barnett testified that the accident did not cause any permanent impairment, he believed that the accident caused a setback in Phillips' recovery from neck surgery. Dr. Barnett's testimony concerning Phillips' injuries was corroborated by Dr. Carl Wayne Huff, an orthopedic surgeon who also treated Cynthia Phillips after the accident.

---

[1]Kelly Phillips filed a separate complaint by and through her legal guardian and parent, Teresa Thurman. The actions were later consolidated.

Dr. Barnett also treated Judy Webb in the months following the accident. Webb complained of neck and back pain as a result of the accident, and Dr. Barnett diagnosed her as having "cervical strain with spasm." Dr. Barnett opined that Webb's injury was the result of the accident. He also opined that, although Webb continued to complain of neck and back pain in the months following the accident, she eventually would recover from the injury. Again, Dr. Huff generally corroborated Dr. Barnett's testimony, although he was not as convinced that Webb would fully recover from the injury. Despite the existence of a physical therapist's report which suggested that Webb may have been exaggerating her symptoms, Dr. Huff genuinely believed that Webb "was not malingering." Dr. Huff's own examination had revealed some tightening of the muscles in the affected area which, Dr. Huff testified, would be consistent with the presence of pain.

Kelly Phillips was treated by Dr. Lynn A. Warner, a surgeon. Dr. Warner's diagnoses for Kelly included (1) acute cervical strain, (2) acute strain of right shoulder, and (3) A-C separation. Kelly's injuries required her to wear a sling during the summer of 1992 and to receive therapy on her injured shoulder. Kelly complained of pain caused by the shoulder injury, particularly when she was receiving therapy. This injury also prevented Kelly from engaging in her normal summer activities, such as riding a bicycle.

At the trial's conclusion, the jury returned verdicts awarding Cynthia Phillips the sum of $679.25, Judy Webb the sum of $525.55, and Kelly Phillips the sum of $2,500.[2] The Plaintiffs then filed motions for new trial, which the trial court denied. The trial court, however, suggested additurs whereby he increased Cynthia Phillips' judgment to $3,750, Judy Webb's judgment to $2,250, and Kelly Phillips' judgment to $4,000. Perot accepted the additurs under protest and filed this appeal.

In Tennessee, the law is now well-settled that a trial court may suggest an additur when the jury verdict is within the range of reasonableness of the credible proof but the court is of the opinion that the verdict is inadequate. Coffey v. Fayette Tubular Prods., 929

---

[2]The jury also rendered verdicts as to other plaintiffs pursuing derivative claims in this lawsuit; however, these verdicts are not at issue in this appeal.

S.W.2d 326, 330 (Tenn. 1996). The inherent power of the trial court to suggest an additur as an alternative to a new trial is recognized by Tennessee's additur statute,[3] which provides that:

> In cases where, in the opinion of the trial judge a jury verdict is not adequate to compensate the plaintiff or plaintiffs in compensatory damages or punitive damages, the trial judge may suggest an additur in such amount or amounts as the trial judge deems proper to the compensatory or punitive damages awarded by the jury, or both such classes of damages.

T.C.A. § 20-10-101(a)(1) (1994).

The additur statute also sets forth the standard to be applied by this court in reviewing the trial court's suggestion of additur:

> The court of appeals shall review the action of the trial court suggesting an additur using the standard of review provided for in Rule 13(d) of the Tennessee Rules of Appellate Procedure applicable to decisions of the trial court sitting without a jury. . . .

T.C.A. § 20-10-101(b)(2) (1994). Under this standard, our review is de novo upon the record, accompanied by a presumption that the trial court's action is correct unless the evidence preponderates otherwise. Lynch v. Turner, No. 01A01-9109-CV-00325, 1992 WL 23122, at *1 (Tenn. App. Feb. 12, 1992); T.R.A.P. 13(d).

Specifically, the foregoing standard requires us to review the proof of damages to determine whether the evidence preponderates against the trial court's suggestion of additur. Long v. Mattingly, 797 S.W.2d 889, 896 (Tenn. App. 1990). Moreover, in conducting its review, this court customarily considers two other factors: (1) the trial court's reasons for the additur, and (2) the relation between the amount of the additur and the amount of the jury's verdict. Lynch v. Turner, 1992 WL 23122, at *1; accord Lebovitz v. Bearden, 1993 WL 471479, at *2 (Tenn. App. Nov. 16, 1993). We examine the reasons for the trial court's additur because "adjustments are proper only when the court disagrees with the amount of the verdict." Long v. Mattingly, 797 S.W.2d at 896. We examine the amount of the suggested additur because "adjustments that 'totally destroy' the jury's verdict are impermissible." Id.

---

[3]See Thrailkill v. Patterson, 879 S.W.2d 836, 840 (Tenn. 1994).

After reviewing the proof of damages in this case, as well as the other factors cited, we conclude that the trial court's suggestion of additur was proper. Although the trial court did not articulate its reasons for suggesting the additurs, the record indicates that the court may have suggested the additurs to compensate the Plaintiffs for pain and suffering or to compensate them for medical expenses which were not included in the jury's verdicts. Cynthia Phillips and Judy Webb claimed $8,936.46 and $3,232.55, respectively, in medical expenses; however, the amounts of the verdicts rendered by the jury ($679.25 and $525.55) approximated only the expenses which the Plaintiffs incurred for emergency medical treatment on the day of the accident. The jury's $2,500 verdict in favor of Kelly Phillips was sufficient to compensate her for her medical expenses, which totaled $1,767.33; however, the verdict awarded her less than $800 for any pain and suffering caused by her injuries. Under these circumstances, the trial court could have concluded that the jury's verdicts did not adequately compensate the Plaintiffs for their pain and suffering and/or for their medical expenses. See, e.g., Lynch v. Turner, 1992 WL 23122, at *2; Ledford v. French, No. 02A01-9106-CH-00102, 1992 WL 1144, at *2 (Tenn. App. Jan. 7, 1992).

We further conclude that the additurs were supported by the preponderance of the evidence. At trial, Perot sought to establish that Cynthia Phillips and Judy Webb were not injured as a result of the accident. The undisputed medical testimony, however, demonstrated that both Plaintiffs sustained some degree of injury as a result of the accident and that they suffered the effects of their injuries for several months following the accident. It is true that the evidence suggested that the Plaintiffs may have been exaggerating their symptoms, or that some of their symptoms may have been caused by preexisting conditions. Nevertheless, the treating physicians for both women provided testimony which established that at least some of their pain symptoms related to injuries caused by the accident. As for Kelly Phillips, it was undisputed that she suffered a shoulder injury in the accident, that she was required to wear a sling during the summer of 1992 which greatly restricted her normal activities, and that she experienced pain as a result of the injury, particularly when she was required to undergo therapy.

5

Finally, we conclude that the suggested additurs do not totally destroy the jury's verdicts. In Ledford v. French, No. 02A01-9106-CH-00102, 1992 WL 1144 (Tenn. App. Jan. 7, 1992), for example, the trial court suggested an additur which effectively increased the judgment from $1,240 to $6,240. This court affirmed, holding that there was sufficient evidence of pain and suffering in the record to support the additur. Id. at *2. Although the resulting judgment was approximately five times larger than the jury's verdict, we concluded that the amount of the additur did not destroy the integrity of the jury's verdict. Id. Similarly, in Lynch v. Turner, No. 01A01-9109-CV-00325, 1992 WL 23122 (Tenn. App. Feb. 12, 1992), the trial court suggested an additur which increased the judgment from $5,000 to $20,000. This court affirmed, noting that there was evidence that the plaintiff had suffered serious injuries for which the jury's verdict did not compensate her. Id. at *2. Although the resulting judgment was four times larger than the jury's verdict, we again concluded that the amount of the additur did not destroy the verdict's integrity. Id.

In the present case, the trial court's additurs resulted in judgments which were roughly one and one-half to five and one-half times greater than the jury's verdicts. Inasmuch as the evidence does not preponderate against these amounts, we cannot say that the trial court's suggested additurs bear so little relation to the jury's verdicts that they totally destroy the verdicts. Cf. Foster v. Amcon Int'l, Inc., 621 S.W.2d 142, 148 (Tenn. 1981) (holding that suggested additur of thirty times that of jury's verdict totally destroyed verdict); Lebovitz v. Bearden, 1993 WL 471479, at *4 (Tenn. App. Nov. 16, 1993) (holding that suggested additur which increased jury's verdict more than twenty times bore no relation to jury's award and, thus, totally destroyed verdict).

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Perot, for which execution may issue if necessary.

_____
HIGHERS, J.

6

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
LANIER, Sp. J.